# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**THOMAS E. COTTON,** :
:
**Debtor.** : 5:07-CV-39 (HL)
:
:
:

# ORDER

Thomas E. Cotton ("Cotton" or "Petitioner"), acting pro se, has filed an appeal from the United States Bankruptcy Court for the Middle District of Georgia. For the reasons set out below, his appeal is dismissed.

## I. BACKGROUND

Cotton filed a petition for voluntary Chapter 12 bankruptcy on August 30, 2006. He did not, however, provide the documents and information to the bankruptcy court required under that court's standing administrative order. On August 31, 2006, the clerk's office issued two notices of deficient filings to Cotton, which detailed the documents he was required to submit and informed him that the filings or a request for a hearing regarding the deficiencies were due by September

15, 2006.[1]  Cotton did not file any of the required documents, and on September 18, 2006, his case was dismissed by order of the court due to the deficient filings.

On September 27, 2006, Cotton filed a Motion to Vacate the order dismissing the case.  A hearing was set on the Motion for October 19, 2006.  The day before the hearing and a month after the information should have been provided, Cotton filed a number of the required documents.  He also filed a doctor's note stating that he was too ill to travel due to heart problems.  The hearing was therefore rescheduled for November 15, 2006.

Two days before the rescheduled hearing, Cotton filed a Motion for Continuance and attached a doctor's letter recommending that the hearing be postponed to safeguard his health.[2]  He cited both his poor health and his need for time to hire counsel as the bases for his motion.  The court nonetheless denied the Motion for Continuance and held the hearing.  Cotton was not present at the hearing, but was represented by counsel, who it appears may have been appointed by the court. (Doc. 8-2 at 2).  In its November 15, 2007 written order, the court denied the Motion to Vacate "in accordance with the findings of fact and conclusions of law

---

[1] Specifically, the letter stated in bold print, "[i]f the identified items are not filed within 15 days of the date of this notice, this bankruptcy case may be dismissed by the court without further notice or hearing."

[2] He also filed a duplicative "Motion for Medical Leave," which was a request for a continuance until his health improved.

announced in open court at the conclusion of [the] hearing."[3] (Doc. 1 at 3.)

Cotton's Notice of Appeal, Filed November 27, 2006, cites two Orders from which he appeals: one denying his Motion for a Continuance and one denying his Motion to Vacate. Both orders were issued on November 15, 2006. He subsequently filed a Notice of Withdraw of Appeal in the bankruptcy court on January 23, 2007, in which he stated that he was voluntarily withdrawing the appeal of the Motion for Continuance. In addition, on that same day, Cotton filed a "Clarification of Notice of Appeal," in which he claimed "the Order being appealed is the [September 18, 2006] Order Dismissing Debtor's Chapter 12 Bankruptcy." (Doc. 1-2 at 1). Because Cotton has dismissed the appeal of the denial of continuance, the Court considers the merits of the remaining appeals: those of the September 18, 2006 Order dismissing the case and the November 15, 2006 Order denying the Motion to Vacate.

## II. ANALYSIS

### A. Timeliness of Appeal

District courts have jurisdiction over appeals from final orders, judgments, or decrees of bankruptcy courts under 42 U.S.C.A. § 158(a) (West 2006). Appeals

---

[3]Rule 8006 requires the Appellant to file a designation of the items to be included in the record on appeal. "If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall . . . deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Rule 8006. Petitioner requested the transcript in his case, but he was not able to pay for it. (Doc. 9 at 4).

taken pursuant to this statute must be done within the time provided under Rule 8002 of the Bankruptcy Rules. Id. § 158(c)(2). A district court lacks jurisdiction over an appeal from bankruptcy court when the appellant files an untimely notice of appeal. Matter of Robinson, 640 F.2d 737 (5th Cir. 1981). The Federal Rules of Bankruptcy Procedure state that a notice of appeal must be filed within ten days of the date of the entry of the order, judgment, or decree from which the appeal is taken. Fed. R. Bankr. P. 8002(a). The filing of certain motions will, however, toll this time period. Fed. R. Bankr. P. 8002(b).

### 1.  November 15, 2006 Order Denying Motion to Vacate

Petitioner's Notice of Appeal of the Order denying his Motion to Vacate was filed within the ten-day deadline. The Order was issued on November 15, 2006. The ten-day deadline fell on November 25, 2007, which was a Saturday. The time to file therefore expired on the following Monday, November 27, 2007, which is the day Petitioner filed his Notice. See Fed. R. Bankr. P. 8002(a) (providing for ten-day period); Fed. R. Bankr. P. 9006 (detailing computation of time in bankruptcy cases). The appeal of this order is therefore timely.

### 2.  September 18, 2006 Order Dismissing Case

In contrast, a notice of appeal for the underlying Order dismissing the case was not timely filed. Petitioner's November 27, 2006 Notice of Appeal clearly stated the two orders that he was appealing, and the September 18, 2006 Order dismissing the case was not one of them. The Notice states:

4

> COMES NOW the Debtor/Appellant in the above-styled action, THOMAS E. COTTON, and hereby appeals . . . from the Order . . . entered in this case on the 15th day of November, 2006, whereby the Bankruptcy Court in Order No. 1 Denied the Debtor's Motion for a Continuance . . . and in Order No. 2 Denied Debtor's Motion for Reconsideration of Order Dismissing the Case.

(Doc. 1 at 2).

November 27, 2006 was the last day to file a Notice of Appeal of the September 18, 2006 Order dismissing the case.[4] Petitioner did not give notice of his intention to appeal the September 18, 2006 Order until he filed his "Clarification of Notice of Appeal" on January 23, 2007. In the Clarification, Petitioner states "Attached hereto and made a party hereof by reference is a copy of the Notice of Appeal of November 27, 2006." (Doc. 1-2 at 1). He continues, "[t]o clarify, the Order being appealed is the Order Dismissing Debtor's Chapter 12 Bankruptcy - that Order, dated September 18, 2006 is also attached." Id.

It appears that Cotton has attempted to cure his failure to timely file a Notice of Appeal of the September 18, 2006 Order in this "Clarification." There is, however, nothing vague about his initial Notice that would require clarification. He succinctly and specifically identified the orders that he was appealing, but did not include the September 18, 2006 Order. By virtue of properly filing one appeal, Petitioner does not gain the right to appeal any other unfavorable order. He cannot simply bootstrap

---

[4]Because Petitioner filed a timely Motion to Vacate, the ten-day deadline for appealing the September 18, 2006 Order did not begin to run until November 15, 2006, when the court ruled on the Motion to Vacate. See Fed. R. Bankr. P. 8002(b).

5

an untimely appeal to one that was filed before the deadline.  Because Cotton's Notice of Appeal was not timely filed with respect to the September 18, 2006 Order this Court has no jurisdiction to review that ruling.  The Appeal of the Order dismissing Petitioner's bankruptcy case is therefore dismissed.

### B. Motion to Vacate

A bankruptcy court's findings of fact are reviewed for clear error.  In re Int'l Admin. Svcs., Inc., 408 F.3d 689, 698 (11th Cir. 2005).  The decision to alter or amend a judgment, however, is committed to the sound discretion of the trial court and is therefore reviewed for an abuse of discretion. Drago v. Jenne, 453 F.3d 1301 (11th Cir. 2006).

In the Order that dismissed the case, the bankruptcy court found that Petitioner failed to timely file the required documents in his case, which is a finding that is supported by the record on appeal.  In Petitioner's Motion to Vacate, he provided no explanation for the failure to file the documents.  In addition, he did not argue that the bankruptcy court committed a clear error of law or fact when it held that the documents had not been filed and issued the Order dismissing the case.  Nothing in Cotton's Motion addresses the core of the bankruptcy court's decision to dismiss, i.e., his untimeliness.[5]  Because Cotton failed to provide not only an

---

[5]Cotton's Motion makes a variety of arguments that are unrelated to the bankruptcy court's decision to dismiss for deficiencies in the filings, e.g., Cotton was denied his "constitutional right" to a thirty-day automatic stay, the state court that "gave away" his property did so incorrectly, the bankruptcy court had no jurisdiction over his wife, and one of the creditors was slandering him.

adequate reason, but any reason at all, for not complying with the court's order, the court did not abuse its discretion in denying Petitioner's Motion to Vacate.

This Court finds no error in the bankruptcy court's November 15, 2006 Order denying the Motion to Vacate. Petitioner's appeal is dismissed.

**SO ORDERED**, this the 28th day of February, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch