# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **THOMAS E. COTTON,** | : | |
| | : | |
| **Debtor.** | : | **5:07-CV-39 (HL)** |
| | : | |
| | : | |
| | : | |

# ORDER

Before the Court is Thomas E. Cotton's ("Cotton" or "Petitioner") "Motion for Reconsideration" (Doc. 13). The facts of this case are set out in detail in this Court's February 28, 2008 Order, and repetition of those facts here is not necessary. In that Order, the Court ruled on the two issues that Cotton appealed from the Bankruptcy Court's dismissal of his case. On one issue, the Court held that the appeal was untimely, and on the other issue the Court affirmed the Bankruptcy Court's decision. Cotton asks the Court to reconsider this Order.

Final judgment has already been entered in this case. See Doc. 12. Because Cotton's Motion was filed within ten days of the judgment, it may properly be considered under Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) simply provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Motions made under Rule 60(b) may only be

granted when one of six reasons for the requested relief are present:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Court need not decide under which rule to treat Cotton's Motion because it states no valid basis for altering or amending the judgment under either rule.

Cotton first argues that his Motion to Vacate was timely appealed. The Court does not disagree. It held that the Notice of Appeal for the Motion to Vacate was timely filed in its February 28, 2008 Order, and went on to analyze the merits of that appeal. See Doc. 12 at 4. This argument therefore provides no basis for reconsideration.

Cotton again challenges the Bankruptcy Court's denial of his Motion to Vacate the order dismissing his case. This Court held that the denial of the Motion to Vacate was not abuse of discretion because the dismissal was based on Cotton's failure to provide required documents in a timely manner despite the Bankruptcy Court's request that he do so. Cotton maintains that he was suffering from an illness that prevented him from providing the bankruptcy court with the required documents.

2

The only reference in the record to Cotton's illness, however, appears one month after the deadline for filing the necessary documents. It is therefore not clear when his illness struck, and why he waited so long to alert the Bankruptcy Court. In addition, there is no evidence that Cotton's illness was so severe that he could not arrange for a representative to deliver the documents during the one-month period that the filings were outstanding.

Finally, as did his initial appeal, Cotton's Motion for Reconsideration makes a number of arguments unrelated to the issues on appeal. The Court holds that they are not sufficient to justify reconsideration of its February 28, 2008 Order.

The Motion for Reconsideration is therefore denied.

**SO ORDERED**, this the 8th day of May, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch