IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **THOMAS E. COTTON,** | : | |
| | : | |
| **Debtor.** | : | 5:07-CV-39 (HL) |
| | : | |
| | : | |
| | : | |

# ORDER

On February 1, 2007, Petitioner Thomas E. Cotton filed this appeal from the bankruptcy court's dismissal of his bankruptcy petition. This Court affirmed the decision of the bankruptcy court on February 28, 2008. Petitioner filed a Motion for Reconsideration on March 10, 2008. That Motion was denied on May 8, 2008. Petitioner subsequently filed a Motion for Leave to Appeal In Forma Pauperis on May 19, 2008. The Court found, however, that there was no merit to the grounds for appeal and denied that Motion on May 22, 2008.

Presently before the Court is a Motion for Reconsideration of the Order denying leave to appeal in forma pauperis (Doc. 20). Cotton argues that his appeal is not frivolous because of the severity of the losses he alleges he has suffered due to the bankruptcy court's ruling.

"Determination of good faith necessitates an inquiry into the appeal's merits,

but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated." Busch v. County of Volusia, 189 F.R.D. 687, 692 (M.D.Fla.1999). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.' " Sun v. Forrester, 939 F.2d 924, 925 (11th Cir.1991) (citing Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). The ultimate determination of whether the appeal is taken in good faith-and therefore not frivolous-is within the discretion of this Court. See Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337 (1948) ("We know of few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense.").

Regardless of Petitioner's alleged losses there is no merit in the legal arguments that Petitioner has made in support of his appeal. As explained in the Court's February 28, 2008 Order dismissing the appeal, Cotton's appeal of the bankruptcy court's order dismissing the case was untimely. Subsequent to that court's dismissal of the bankruptcy petition, Cotton filed a motion to vacate the dismissal. This Court considered Cotton's timely appeal of the order on the motion to vacate and found that there was no clear error in the bankruptcy court's decision to deny that motion.

None of Cotton's court filings have revealed a legal basis for appeal of this Court's decision that is even arguably meritorious. Even if Cotton has a subjective belief that there are legitimate grounds for his appeal, an objective analysis reveals that there are no "legal points arguable on their merits." See Busch, 189 F.R.D. at 692. An appeal from the judgment in this case would therefore be frivolous and allowing the appeal to proceed in forma pauperis would be inappropriate under 28 U.S.C. § 1915. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

The Motion for Reconsideration is therefore denied.

**SO ORDERED**, this the 5th day of June, 2008.

*s Hugh Lawson*
**HUGH LAWSON, Judge**

tch